IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| LEE BAKER, ADC #550939, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * No. 5:16CV00375-SWW-JJV |
| ROBERTSON, Building Major/Security, | * |
| Cummins Unit, ADC; *et al.*, | * |
| | * |
| Defendants | * |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Lee Baker ("Plaintiff") filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges that on October 13, 2016, prison security staff and administrative staff violated his constitutional rights by failing to protect him from an attack by another inmate. (*Id*. at 4-8.)

Now, Defendants Robertson and Smith move for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies against them before filing this suit. (Doc. No. 14.) Plaintiff has responded (Doc. Nos. 20-21), so the matter is ripe for a decision. After careful review of the Motion, Statement of Facts, Brief in Support, Response and Brief in Support, for the following reasons I find the Motion for Summary Judgment should be GRANTED.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence

in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by Administrative Directive 14-16. (Doc. No. 16-1.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id.* at

5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-13.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5-6.)

Defendants argue that Plaintiff failed to name Defendants Robertson and Smith in the context of an allegation of failure to protect. In support of this argument, Defendants have offered the Affidavit of Inmate Grievance Supervisor, Barbara Williams. (Doc. No. 16-2.) Ms. Williams states, "The only grievance that Baker filed related to this issue raised in his lawsuit was Grievance Number CU-16-01347." (*Id.* at ¶ 10.) Ms. Williams recognizes this lawsuit is based on allegations that "Defendants failed to protect [Plaintiff] from assault by another inmate working in the kitchen." (*Id.* at ¶ 3-4.) She says, "In reviewing this grievance file, I found that prior to filing his lawsuit, inmate Baker did not file any grievances against Defendants Vernon Robertson or Gloria Smith."

As a part of his Complaint, Plaintiff provided a copy of this grievance. (Doc. No. 2 at 10-13.) In his grievance, Plaintiff states:

> On 10/25/16 I sent my request for interview to Capt. Smarjessie-Kitchen requesting a job change because of the conflicts I was having with other inmates & that I was afraid was going to turn physical. I have yet to speak with her in a private manner and have not gotten any responses on my request. I sent my first request on 10/14/16 after I spoke with Major Robertson and Lt. Smith on 10-13-16. And Major Robertson told me I would have to speak to Capt. Smarjesse about a job change. I just want out of the kitchen. I do not want my Re-Entry program or my possible parole, but I will not continue to back down and walk away or be bullied.

(Doc. No. 2 at 13.)

Ms. Williams's Affidavit also recites this grievance and says, "Although Baker mentions Defendant Robertson and Smith in Grievance Number CU-16-01347, Baker was not grieving that Robertson or Smith failed to protect him. He was grieving that Capt. Smarjesse had not responded

4

to his request for an interview with her about his job assignment." (Doc. No. 16-2 at ¶ 11.) Although Ms. Williams's conclusion is not readily apparent when looking only at the face of the grievance, her conclusion is confirmed by Plaintiff's own statement in his appeal. In appealing the Grievance, Plaintiff stated, "This was about Capt. Smarjesse not answering or attempting to speak with me about multiple request[s] I sent to her about conflicts I was having with other inmates that I was afraid was gonna end up physical in nature and was ignored." (Doc. No. 2 at 10.)

Accordingly, I conclude that Plaintiff failed to exhaust his administrative remedies against Defendants Robertson and Smith. Plaintiff's Response and Statement of Facts fail to offer any basis to deny Defendants' Motion. (Docs. No. 20-21.)

I find grievance CU-16-01347 fails to grieve the issue of Defendants Robertson or Smith failing to protect Plaintiff from harm as alleged in his Complaint. Therefore, the Motion for Summary judgment should be GRANTED.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 14) be GRANTED.

2. This cause of action be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 24th day of January, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE